IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-78,012-01






EX PARTE ANTHONY LEE BLAVIER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 19,722-2007 IN THE 402ND DISTRICT COURT


FROM WOOD COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest,
and he was sentenced to two years' incarceration. The Sixth Court of Appeals affirmed the
conviction in an unpublished opinion. Anthony Lee Blavier v. State, No. 06-11-00147-CR (Tex. App.
- Texarkana del. Dec. 15, 2011).

 Applicant raises several claims in his writ application, including claims of ineffective
assistance of counsel and involuntary plea, and he has alleged facts that, if true, might entitle him
to relief. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Strickland v. Washington, 466 U.S. 668
(1984); Ex parte Lemke, 13 S.W.3d 791, 795-96 (Tex. Crim. App. 2000). There is no response from
counsel or plea documents in the record provided to this Court, and there are no findings from the
trial court. In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings
of fact. 

 The trial court shall order trial counsel to respond to Applicant's claims of ineffective
assistance by explaining counsel's representation of Applicant, including applicable strategy and
tactical decisions. To obtain the response, the trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether
Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court
shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law regarding the claims raised
in the writ application, and the trial court shall supplement the writ record to this Court with the plea
admonishment, waivers, and other relevant documents related to Applicant's plea. The trial court
may also make any other findings of fact and conclusions of law it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.

Filed: August 22, 2012

Do not publish